**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|   |   |   |
|---|---|---|
| J.S.H., in her Individual Capacity, and as Legal Guardian and on Behalf of Minor Child Known as G.H., | ) ) ) ) ) | CIVIL ACTION NO. 4:21-40086-TSH |
| Plaintiff, | ) ) |   |
| v. | ) ) |   |
| ALICE NEWTON, JANE and/or JOHN DOE, and MASSACHUSETTS GENERAL HOSPITAL, | ) ) ) ) |   |
| Defendants. | ) ) |   |

**ORDER AND MEMORANDUM ON DEFENDANTS' MOTION TO DISMISS (Docket No. 9), DEFENDANTS' MOTION TO STRIKE (Docket No. 19), and DEFENDANTS' MOTION FOR EXTENTION (Docket No. 21)**

**April 11, 2022**

**HILLMAN, D.J.**

Plaintiffs J.S.H. and G.H. commenced this action against defendants Alice Newton, Jane and/or John Doe, and Massachusetts General Hospital on August 10, 2021, for claims related to the defendants' medical care of G.H. (Docket No. 1). On November 29, 2021, the defendants moved to dismiss the complaint for failure to state a claim. (Docket No. 9). On January 5, 2022, the plaintiffs filed an amended complaint. (Docket No. 17). On January 19, 2022, the defendants moved to strike the plaintiffs' amended complaint as untimely. (Docket No. 19). The defendants also moved for an extension of time to file a responsive pleading to the plaintiffs' amended complaint. (Docket No. 21). For the following reasons, the Court ***denies without prejudice*** the

defendants' motion to dismiss, **_denies_** the defendants' motion to strike, and **_grants_** the defendants' motion for an extension of time to file a responsive pleading to the amended complaint.

### Background

On November 29, 2021, the defendants moved to dismiss the plaintiffs' complaint for failure to state a claim. *See* Fed. R. Civ. P. 12(b)(6). On December 7, 2021, plaintiffs' counsel emailed defense counsel, requesting an extension of time beyond the December 13, 2021 "reply deadline" to "file [a] reply" to the defendants' motion to dismiss by January 5, 2022. Defense counsel agreed. On December 8, 2021, the plaintiffs filed an assented-to-motion with the Court, requesting an extension of time "to reply" to the defendants' motion to dismiss. Again, the plaintiffs noted the current deadline to respond to the motion was December 13, 2021. The Court granted the plaintiffs' request, stating that the plaintiffs' response was due by January 5, 2022.

On January 5, 2022, the plaintiffs filed an amended complaint. The plaintiffs did not otherwise file an opposition to the defendants' motion to dismiss. On January 19, 2022, the defendants moved to strike the amended complaint as untimely.

### Discussion

A party may amend her complaint once as of right within 21 days after service of a Rule 12(b)(6) motion to dismiss. *See* Fed. R. Civ. P. 15(a). Otherwise, the party must obtain the opposing party's written consent or the court's leave. *See* Fed. R. Civ. P. 15(b).

The plaintiffs filed their amended complaint more than 21 days after the defendants filed their motion to dismiss. The defendants contend that the agreed-upon extension applied only to the filing of an opposition, not to the filing of an amended complaint. The defendants point to the plaintiffs' reference to a December 13, 2021 deadline, which was 14 days after the defendants filed their motion to dismiss. A party has 14 days to file an opposition to a motion to dismiss. *See* L.R.

7.1(b)(2).  By contrast, a party has 21 days to amend its complaint after service of a motion to dismiss.  *See* Fed. R. Civ. P. 15(a).  Given the context of the plaintiffs' request, it was not unreasonable for the defendants to understand the plaintiffs to be asking about an extension for an opposition, not an amendment.

Nonetheless, the Court declines to strike the amended complaint.  First, the plaintiffs' request for an extension was sufficiently broad to be understood as requesting an extension to either oppose the motion <u>or</u> amend the complaint.  After all, Fed. R. Civ. P. 15(a) allows a plaintiff to amend her complaint in response to a motion to dismiss.  Second, motions to amend are to be liberally granted, *see Resolution Trust Corp. v. Gold*, 30 F.3d 251, 253 (1st Cir. 1994), and a party's amendment prior to a court's analysis of a motion to dismiss promotes judicial economy, *see* Fed. R. Civ. P. 15 Advisory Committee Notes ("A responsive amendment may avoid the need to decide the motion or reduce the number of issues to be decided, and will expedite determination of issues that otherwise might be raised seriatim.").  Thus, considering the plaintiffs' broad request (which the Court granted) and the interests of judicial economy, the Court will deem the plaintiff's amended complaint as timely filed.[1]

Because the plaintiffs filed an amended complaint in response to the defendants' motion to dismiss, the Court will deny the defendants' motion to dismiss without prejudice.  The defendants retain the option to renew their motion in response to the plaintiff's amended complaint.  The Court will also grant the defendants' request for an extension of time to file a responsive pleading to the

---

[1] The Court will excuse, <u>in this instance only</u>, the plaintiffs' failure to comply with L.R. 5.4(d), which states that all electronic transmissions of documents must be completed from to 6:00 p.m. to be considered timely filed that day, and the defendants' failure to comply with L.R. 7.1(1)(2), which states that no motion shall be filed unless counsel certify that they have conferred and have attempted in good faith to resolve or narrow the issue.  *See Air Line Pilots Ass'n v. Precision Valley Aviation, Inc.*, 26 F.3d 220, 224 (1st Cir. 1994) (noting that district courts "enjoy broad latitude in administering local rules").

plaintiffs' amended complaint.  Per the defendants' request, their responsive pleading is not due until 14 days after the date of this order.

## Conclusion

For the reasons stated, the defendants' motion to dismiss (Docket No. 9) is ***denied without prejudice***, the defendants' motion to strike (Docket No. 19) is ***denied***, and the defendants' motion for an extension of time (Docket No. 21) is ***granted***.

**SO ORDERED**

***/s/ Timothy S. Hillman***
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**
